UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE MANLEY,

    Petitioner,

v.                                         Case No. 12-14324

CINDI CURTIN,

    Respondent.
                                                /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Deandre Manley ("Petitioner") is incarcerated by the Michigan Department of Corrections at the Oaks Correctional Facility in Manistee, Michigan, where he is serving concurrent prison terms of twenty-three to fifty years for the following convictions: assault with intent to murder, armed robbery, and felon in possession of a firearm. Those sentences are to follow a consecutive two-year sentence for Petitioner's felony-firearm conviction. Petitioner's convictions occurred following a bench trial in the Circuit Court in Wayne County, Michigan. On January 18, 2011, the Michigan Court of Appeals affirmed his convictions and sentences. *People v. Manley*, No. 295044, 2011 WL 149973 (Mich. Ct. App. Jan. 18, 2011). On June 28, 2011, the Michigan Supreme Court denied his application for leave to appeal. *People v. Manley*, 798 N.W.2d 778 (Mich. 2011) (table).

      Petitioner filed this *pro se* habeas petition on September 28, 2012, signed and dated September 21, 2012. When Petitioner filed his habeas petition, he also filed a

motion asking the court to stay his case so that he could return to state court to exhaust his state-court remedies with respect to newly discovered claims regarding his appellate counsel. Petitioner alleges that his appellate counsel was ineffective for failing to raise claims in his direct appeal concerning the effectiveness of his trial counsel. He therefore asks the court to stay his habeas proceedings so he could return to state court to exhaust those claims.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted)). The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.") (citations omitted). The exhaustion requirement is satisfied if a prisoner invokes "one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845; in Michigan, this means a petitioner must present all of his claims to both the Michigan Court of Appeals and the Michigan Supreme Court. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)). The petitioner bears the burden of showing that his state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218–19

(1950)).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his claims. *O'Sullivan*, 526 U.S. at 847. In this case, Petitioner's method of properly exhausting his newly discovered claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). If Petitioner is unsuccessful in the trial court, the denial of his motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509(A); *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The court will grant Petitioner's motion to stay his habeas proceedings while he returns to the state courts to exhaust. The court finds that the outright dismissal of the habeas petition, albeit without prejudice, might result in precluding the court from considering Petitioner's direct-appeal claims due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1). A common circumstance that justifies abating a habeas petition arises when the original petition containing exhausted claims was timely filed, but the petitioner also wished to include in that petition claims that are not yet exhausted. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner, who is concerned that the time spent pursuing state post-conviction relief will take his claims outside of the AEDPA's one-year statute of limitations, could file a "protective" petition in

federal court and then ask for the petition to be held in abeyance pending the conclusion of the state post-conviction proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). This is the situation in Petitioner's case. Thus, the court will stay the habeas proceedings.

However, even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state-court remedies, this court will impose upon him time limits within which he must present his claims to the Michigan courts and return to this court after his state remedies are exhausted. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The tolling is conditioned upon Petitioner initiating his state post-conviction remedies within fifty-six days of the issuance of this order, if he has not already done so, and returning to federal court within fifty-six days of completing the exhaustion of his state post-conviction remedies. *Hargrove*, 300 F.3d at 721; *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003) (citing *Hargrove*, 300 F.3d at 718). Accordingly,

IT IS ORDERED that Petitioner's "Motion to Stay 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus Proceedings" [Dkt. # 2] is GRANTED. The court's stay is conditioned on Petitioner filing a motion for relief from judgment in state court within **fifty-six (56) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he is DIRECTED to file an amended habeas corpus petition and a motion to re-open this case, using the same caption and case number that appear on this order, within **fifty-six (56) days** of exhausting state

remedies.

IT IS FURTHER ORDERED that this case is CLOSED for administrative purposes. Nothing in this order is meant to be an adjudication of Petitioner's pending claim.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522