UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE MANLEY,

        Petitioner,

v.                                              Case No. 2:12-CV-14324

CINDI CURTIN,

        Respondent.
                                           /

**OPINION AND ORDER DENYING THE MOTION TO LIFT STAY,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY**

Michigan prisoner Deandre Manley ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to commit murder, armed robbery, felon in possession of a firearm, and felony firearm following a bench trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 23 to 50 years imprisonment on the assault and armed robbery convictions, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2009.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising insufficient evidence claims. The court denied relief on those claims and affirmed his convictions. *People v. Manley*, No. 295044, 2011 WL 149973 (Mich. Ct. App. Jan. 18, 2011). Petitioner then filed an application for

leave to appeal with the Michigan Supreme Court, which was denied. *People v. Manley*, 489 Mich. 973, 798 N.W.2d 778 (June 28, 2011).

Petitioner instituted this action in September, 2012 by filing a habeas petition (presumably raising the insufficient evidence claims he raised on state direct appeal), along with a motion to stay the proceedings so that he could exhaust state court remedies as to additional claims of ineffective assistance of trial and appellate counsel. The court granted the motion to stay the proceedings and administratively closed the case on October 31, 2012.  The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 56 days of the court's order and, if he was unsuccessful in the state courts, moving to lift the stay and proceed on an amended petition within 56 days after the conclusion of the state collateral review proceedings. This matter is now before the court on Petitioner's motion to lift the stay and proceed on his previously-filed habeas petition.

Petitioner's motion to lift the stay must be denied because he has failed to comply with the conditions set forth in the court's order staying and administratively closing the case.  As noted, the court stayed the proceedings on October 31, 2012. Petitioner then had 56 days to present his new claims to the state courts on collateral review.  According to the facts set forth in his motion, he did not do so in a timely manner.  Rather, he filed a motion for relief from judgment with the state trial court on July 8, 2013, which was denied on September 25, 2013.  Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied on January 15, 2014.  Petitioner did not timely seek leave to appeal with the Michigan Supreme Court.  When his state court proceedings ended, he had 56 days to move to

reopen this habeas case and proceed on an amended petition. He did not do so in a timely manner. His motion to lift the stay is dated July 25, 2014 (with a proof of service dated July 24, 2015).

Petitioner has thus failed to comply with the court's October 31, 2012 order in three ways. First, he did not file his motion for relief from judgment with the state trial court within the time limit set by the court. Second, he did not fully and properly exhaust state court remedies as to his claims. Third, he did not move to lift the stay/re-open the case within the time limit set by the court. Consequently, Petitioner has failed to comply with the conditions of the stay, and his motion will be denied.

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the court's procedural ruling. Accordingly, the court DENIES a certificate of appealability.

Accordingly, IT IS ORDERED that Petitioner's motion to lift the stay (Dkt. # 6) is DENIED. Additionally, in accordance with Sixth Circuit precedent, the court VACATES the stay as of the date it was entered, October 31, 2012, and DISMISSES the petition

for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted). This case is CLOSED for all purposes.

    IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                    S/Robert H. Cleland  
                                    ROBERT H. CLELAND  
                                    UNITED STATES DISTRICT JUDGE

Dated: August 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2014, by electronic and/or ordinary mail.

                                    S/Lisa Wagner  
                                    Case Manager and Deputy Clerk  
                                    (313) 234-5522